IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

                                                                   CR NO. 06-1343 JC

NORMAN NELSON,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant's Motion to Dismiss the Indictment Filed June 13, 2006* (*Doc. 21*). The primary issue is whether the Indictment in this matter fails to allege an essential element of the crime charged under 18 U.S.C. § 2262(a)(1), that being whether Defendant entered Indian country with the intent to violate an existing protection order. Having considered the Motion, the parties' submissions, and the relevant authority, I find the Indictment fails to allege an essential element of the crime charged in violation of Defendant's rights under the Fifth Amendment. Accordingly, Defendant's Motion is granted and the Indictment is dismissed.

**I.**      **Background**

February 10, 2005, Clara Nelson filed a petition for a domestic abuse protection order against her estranged husband, Norman Nelson, in the family court of the Navajo Nation. In the petition, Ms. Nelson alleged that Mr. Nelson had abused her as recently as May of 2002. She further asserted that she was in fear because Mr. Nelson was to be released from prison on February 12, 2005. Based upon Ms. Nelson's statements, the court issued a temporary

protection order the day the petition was filed. The temporary order stated that it was in effect until the entry of a domestic abuse protection order and further stated that the petition would "be heard" on February 24, 2005 at 9:00 a.m.

A return of service filed with the family court indicates that Mr. Nelson was served with the temporary protection order on February 11, 2005, while incarcerated in Winslow, Arizona. Mr. Nelson contends that this was the only related document he received and, specifically that he never received a copy of Clara's petition or any other document. The Navajo family court held a hearing on the petition on February 24, 2005. Mr. Nelson did not appear. The court issued a domestic protection order ("Order") at that time, to be in effect for five years and providing, in pertinent part, that Norman not contact Clara or come within 100 yards of her residence. The Order warns that violation thereof could result in punishment of 365 days in jail. The record indicates that the Order was mailed to Mr. Nelson at the Family Harmony Project. Norman did not live at the Family Harmony Project and did not receive the Order.

Upon release from incarceration in Arizona, Mr. Nelson returned to the Navajo Nation to reside where he apparently had lived his whole life. According to Ms. Nelson, several months later, an intoxicated Mr. Nelson came to her residence in Coyote Canyon and harassed her, in violation of the Order.

On June 13, 2006, the grand jury for the United States District Court for the District of New Mexico issued an indictment against Norman charging as follows:

> On or about October 4, 2005, in Indian Country, in McKinley County, within the exterior boundaries of the Navajo Indian Reservation, in the State and District of New Mexico, *the defendant, **NORMAN NELSON**, an Indian, entered Indian Country and knowingly and intentionally engaged in conduct that violated a portion of a protection order*, issued by the Family

> Court of the Navajo Nation on March 9, 2005, that prohibits
> threats or harassment against, contact or communications with, or
> physical proximity to Clara Nelson, an Indian, by contacting Clara
> Nelson, entering her home and therein harassing and threatening
> her.
> In violation of 18 U.S.C. § 1153, 2262(a).

(*Doc. 1*)(emphasis added). Defendant contends the Indictment does not allege, and thus the Grand Jury never found, that Norman entered Indian country while possessing the intent to engage in conduct that violated the domestic abuse protection order as required.

## II.    Discussion

Section 2262(a)(1) of the Safe Homes for Women Act provides:

> A person who travels in interstate or foreign commerce, or enters
> or leaves Indian country or within the special maritime and
> territorial jurisdiction of the United States, with the intent to
> engage in conduct that violates the portion of a protection order
> that prohibits or provides protection against violence, threats, or
> harassment against, contact or communication with, or physical
> proximity to another person, or that would violate such a portion of
> a protection order in the jurisdiction in which the order was issued,
> and subsequently engages in such conduct, shall be punished as
> provided in subsection (b).

18 U.S.C. § 1153, 2262(a). Accordingly, to violate 18 U.S.C. § 2262(a)(1) based on entry into Indian country, a person must "travel" or "enter" Indian country with the intent to engage in conduct that violates a protection order. *Id*. This is evident by the plain language. Moreover, as Defendant readily identifies, this Congressional Act was intended to "create[] a Federal remedy for interstate crimes of abuse including crimes committed against spouses or intimate partners during interstate travel and crimes committed by spouses or intimate partners who cross state lines to continue the abuse." S. Rep. No. 103-138 at 43,61 (1993). Indeed, the Act seeks to address the "interstate nature" of domestic violence which can "transcend the abilities of State law enforcement agencies." *Id.* at 62. It follows, then, that to fall within the purview of the Act,

the Defendant must have crossed into Indian country with the intent at that time to violate the protection order.

The government does meaningfully dispute the fact that the entry onto Indian country must be accompanied by the intent to violate the Order, but instead contends that the indictment does in fact make the proper allegation.  Resp. at 4 ("It is submitted that the above-referenced indictment does in fact allege that when Defendant entered Indian Country he knowingly had the intent to violate the protection order and to make prohibited contact with Ms. Nelson.").  To this end, the government advocates the general legal proposition that a defendant's intent may "properly be evaluated by way of circumstantial evidence."  *Id.* (citing *United States v. Young,* 208 F.3d 216 (6th Cir. 2000)(unpub.).  It cannot be reasonably disputed that, as a general rule, intent may be derived through circumstantial evidence, yet the government offers no evidence-- circumstantial or otherwise-- that this Defendant possessed the requisite intent *when* he entered the Navajo Reservation and returned to his home in Indian Hills, Arizona.  Furthermore, Defendant's movement from Arizona to New Mexico lends no support to the government's theory that Defendant possessed the requisite intent when he entered Coyote Canyon, where Ms. Nelson resides.  That is, all of the travel referenced by the government is within the Navajo Nation and the Defendant cannot violate § 2262(a)(1) by movement within the same reservation, for the Act by its plain language and legislative intent applies only when a defendant crosses jurisdictional lines intending the harm.

In summary, the Court determines that the Indictment in this matter does not allege a nexus between Defendant's entry into Indian country and an intent to violate the protection Order.  Accordingly, the Indictment must be dismissed.

WHEREFORE,

**IT IS ORDERED** that *Defendant's Motion to Dismiss the Indictment Filed June 13, 2006* (*Doc. 21*) is GRANTED and the Indictment in this matter is hereby dismissed without prejudice.

Dated March 29, 2007.

                                                  s/John Edwards Conway

                                                  _____
                                                  SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Paul H. Spiers, AUSA
    Albuquerque, New Mexico

Counsel for Defendant:

    Michael A. Keefe, AFPD
    Albuquerque, New Mexico